

**FILED**
February 19, 2021
SX-2019-CV-00110
TAMARA CHARLES
CLERK OF THE COURT

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

GUARDIAN INSURANCE COMPANY,

Plaintiff,

v.

RAMZY ABDALLAH,

Defendant.

**CIVIL CASE NO. SX-19-CV-110**

ACTION FOR DECLRATORY JUDGMENT

**Cite as 2021 VI Super 20**

**Mark D. Hodge, Esq.**
HODGE & HODGE
St. Thomas, U.S.V.I.
*Attorney for Plaintiff*

**Yohana M. Manning, Esq.**
MANNING LEGAL SERVICES, P.C.
St. Croix, U.S.V.I.
*Attorney for Defendant*

**BRADY, Douglas A., Judge**

## MEMORANDUM OPINION and ORDER

¶ 1    Before the Court is Plaintiff/Counter-Defendant Guardian Insurance Company's Motion for Partial Reconsideration of the Court's December 18, 2020 Order Denying in Part Plaintiff's Motion to Dismiss Defendant's Counterclaims. Defendant Ramzy Abdallah has filed no response. By its December 18, 2020 Order, the Court found that five of the six claims of Abdallah's Counterclaim sufficiently set forth short and plain statements of those claims, adequate to put Guardian on notice of claims brought against it, denying Guardian's Motion to Dismiss as to those claims. By its present Motion for Reconsideration, Guardian asserts that it is entitled to relief under V.I. R. Civ. P. 6-4(b) (3) and (4) to correct a clear error of law; and because the Court failed to address issues specifically raised in Guardian's Motion to Dismiss. For the reasons set forth herein, the Court will grant Guardian's Motion and dismiss Defendant/Counter-Plaintiff Abdallah's Counterclaim in its entirety.

¶ 2    Further, it appears that there are no genuine issues of material fact in dispute with regard to Guardian's Complaint seeking declaratory judgment and specific performance by Abdallah of

2021 VI Super 20

Personal Auto Policy No. PAP327333 (Policy) between the parties. This matter will therefore come on for a speedy hearing, pursuant to V.I. R. Civ. P. 57.

## LEGAL STANDARD

¶ 3    Guardian filed its present Motion for Reconsideration, asserting that the Court erred in denying its Motion to Dismiss in that Abdallah's contractual counterclaims are invalid based on the terms of the Policy; and that Abdallah's defamation counterclaim must fail as it does not allege facts showing publication of the alleged defamatory statements, an element required to show that he is entitled to relief for defamation.

¶ 4    A party moving for reconsideration must demonstrate: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Beachside Assocs., LLC v. Fishman*, 53 V.I. 700, 715 (V.I. 2010); *see also* V.I. R. Civ. P. 6-4(b).

¶ 5    When ruling on Guardian's Rule 12(b)(6) Motion to Dismiss, the Court was free to consider the allegations of Abdallah's Counterclaim, exhibits attached and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court could also have considered "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Pryor v. NCAA*, 288 F.3d 548, 560 (3d Cir. 2002) (internal citations omitted). The reasoning underlying this approach is particularly sound where the exhibit being considered is the very document forming the basis of a claimant's pleading. Thus, "when ruling on a motion to dismiss, courts may consider undisputed documents relied upon by the claimant." *Groff v. Cane Bay Partners VI, LLLP*, 2017 WL 2709832, at *1 (V.I. Super. 2017).

¶ 6    Here, Guardian included a copy of the Policy as an exhibit to its Complaint, and Abdallah specifically referenced the terms of the Policy in his Counterclaim. Because the contents of the Policy are alleged in the Counterclaim and Guardian confirms the authenticity of the Policy, its terms could have been considered in the Court's ruling on Guardian's original Motion to Dismiss without converting it to a Rule 56 motion for summary judgment. *See* V.I. R. Civ. R. 12(d). The Court now considers the Policy terms in evaluating Guardian's present Motion challenging the sufficiency of Abdallah's Counterclaim.

*Guardian Insurance Company v. Ramzy Abdallah*; SX-19-CV-110
Memorandum Opinion and Order Granting Plaintiff's Motion for Partial Reconsideration
Page 3 of 7

2021 VI Super 20

¶ 7    V.I. R. Civ. P. 12(b)(6) permits a plaintiff to respond to a counterclaim by motion rather than through a responsive pleading if the basis for the motion is the counterclaimant's "failure to state a claim upon which relief can be granted." The Virgin Islands "is a notice pleading jurisdiction," and counterclaims must meet the notice pleading standard of V.I. R. Civ. P. 8(a)(2) to overcome a 12(b)(6) motion. *See Mills-Williams v. Mapp*, 67 V.I. 574, 585-86 (V.I. 2017) (citations omitted). Under the notice pleading regime, counterclaims must present "a short and plain statement of the claim showing that the pleader is entitled to relief." V.I. R. Civ. P. 8(a)(2).

## DISCUSSION

### Defendant/Counter-Plaintiff's Counterclaim

¶ 8    Abdallah's Counterclaim rests on the assertion that the insurance contract is a "stated value insurance policy, declaring that the value of the vehicle is $36,000."[1] However, Guardian's Motion for Reconsideration recites the actual language of the insurance agreement, presented in its Motion to Dismiss, which clearly establishes that the Policy is not a "stated value" policy but rather an "actual cash value" policy, subject to both depreciation and deductible:[2]

> You have purchased an insurance policy that insures your vehicle for its Actual Cash Value (defined as Replacement Cost less Depreciation). This means that at the time of loss your claimed loss will be evaluated on the basis of the cost of new parts, less reasonable depreciation, and less deductible.
>
> As our insured, you have the option to purchase a Replacement Cost Policy (cost new) at an additional cost. Please consult your agent about your options.

¶ 9    Because the Policy is an actual cash value policy agreement, by its terms —to which Abdallah agreed—Abdallah is only entitled to the replacement cost of his vehicle at the time of loss, less depreciation, and less deductible. This is stipulated in the Personal Auto Policy Declarations page that reflects a premium paid for coverage for "damage to your Auto" as "Actual Cash Value minus Deductible."

¶ 10    By Part D of the Policy, "Coverage for Damage to Your Auto," Guardian agreed in the "Insuring Agreement" ¶A: "We will pay for direct and accidental loss 'to your covered auto' …minus any applicable deductible shown in the Declarations."

---

[1] Counterclaim ¶ 4.
[2] Guardian's Mot. Dismiss, at 11.

2021 VI Super 20

¶ 11    The limits of Guardian's payment for loss under Part D is set out in the section entitled "Limit of Liability," as follows:

> A. Our limit of liability for loss will be the lesser of the:
> 1. Actual cash value of the stolen or damaged property; or
> 2. Amount necessary to repair or replace the property....
> B. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.[3]

¶ 12    Policy-based claims. Abdallah presents five separate claims within his Counterclaim.[4] His claim for alleged violation of the V.I. Civil Rights Act (10 V.I.C. §64) has been previously dismissed. His claim for defamation is addressed below. Each of Abdallah's other three claims (for breach of contract, breach of the implied covenant of good faith and fair dealing, and for deceptive trade practices) is premised on the erroneous assertion that the Policy is a "stated value" agreement requiring that Guardian is bound by the Policy to reimburse him for his loss in the amount of $36,000, the "stated value" of the vehicle.

¶ 13    The breach of contract claim is based on Guardian's "failure to pay the stated value."[5] On account of Guardian's insistence on paying Abdallah's claim based upon the Policy terms, he asserts that "Guardian has failed to perform the contract in good faith and has breached the implied covenant of good faith and fair dealing."[6] Further, Abdallah asserts that Guardian "engaged in a deceptive trade practice by, inter alia, creating a stated value policy and refusing to pay the stated value in case of a total and complete loss as occurred here."[7]

¶ 14    By each of these legal theories, Abdallah claims that he is entitled to relief because Guardian violated its obligation under the Policy by offering him $19,000 payment for his stolen auto, based upon its actual cash value, rather than the $36,000 "stated value" to which he claims the Policy entitled him. The plain terms of the parties' insurance agreement make clear that Guardian's limit of liability on Abdallah's loss is the actual cash value of the vehicle at the time

---

[3] *Id.* Exhibit A.

[4] The Counterclaim fails to conform to the requirements of V.I. R. Civ. P. 8(2) in that it simply presents different claims in consecutively numbered paragraphs without "separate designation of counts... for each claim identified in the pleading."

[5] Counterclaim ¶17.

[6] *Id.* ¶18.

[7] *Id.* ¶19.

of its loss. Accordingly, all of Abdallah's contractual claims based upon an erroneous assertion of the Policy terms cannot survive. Guardian's Motion for Reconsideration will be granted as to these counts, each of which will be dismissed with prejudice.[8]

¶ 15   Defamation. Abdallah further alleges that Guardian falsely stated that Abdallah orchestrated the theft of his own vehicle and engaged in insurance fraud, constituting defamation and defamation *per se*.[9] However, these communications are only alleged to have occurred between the parties—Guardian through its agent, adjuster or attorney and Abdallah. One of the necessary elements of defamation is "an unprivileged publication to a third party." *Joseph v. Daily News Publ'g Co., Inc.*, 57 V.I. 566, 586 (V.I. 2012) (citing RESTATEMENT (SECOND) OF TORTS §558(b)). Publication means the "communication intentionally or by negligent act to one other than the person defamed." *Id.* (citing RESTATEMENT (SECOND) OF TORTS § 577).

¶ 16   Abdallah does not allege publication of the purported defamatory statements to anyone other than to Abdallah himself.[10] Although Abdallah's pleading alleges no publication of the alleged defamatory statements to anyone other than Abdallah himself, a claim is made that Abdallah's attorney warned Guardian's attorney concerning defamation: "Guardian Insurance through Mr. Fournier then began to accuse Mr. Abdullah of theft and Insurance fraud with absolutely no proof whatsoever. Guardian's counsel thereafter engaged in the conduct and quickly refrained after counsel reminded her that she was engaging in defamation per se..."[11]

¶ 17   Even if a claim were presented that Guardian's representatives made defamatory statements concerning Abdallah to Abdallah's counsel, those communications must be seen to be conditionally privileged. "An occasion makes a publication conditionally privileged if the circumstances induce a correct or reasonable belief that (a) there is information that affects a

---

[8] In its "Wherefore" clause, the Counterclaim also seeks damages for the tort of "insurance bad faith," not elsewhere mentioned in the Counterclaim. Because Abdallah's pleading does not set out "a short and plain statement of the claim showing that the pleader is entitled to relief" with reference to such a claim, to the extent that such a claim is alleged, it also subject to dismissal. *See* V.I. R. Civ. P. 8(a)(2).

[9] Counterclaim ¶¶ 11, 20.

[10] "Guardian thereafter began to accuse Abdullah of orchestrating the theft of his vehicle;" "Abdullah further claims that Guardian has defamed him and engaged in defamation per se by suggesting that he orchestrated the theft of his vehicle and engaged in insurance fraud." Counterclaim ¶¶ 11; 20.

[11] Answer to Complaint and Counterclaim; Introduction, at 1.

sufficiently important interest of the publisher, and (b) the recipient's knowledge of the defamatory matter will be of service in the lawful protection of the interest."[12]

¶ 18    Communications between Guardian's representatives and Abdallah and his attorney in the context of seeking a resolution of Abdallah's insurance claim concerning the vehicle he reported stolen clearly affect an important interest of Guardian, the alleged publisher of the offending defamatory statements (and also affect an important interest of Abdallah). In that context, knowledge of the information conveyed by Guardian's representatives to Abdallah's attorney would benefit the lawful protection of Guardian's interest in seeking to resolve Abdallah's insurance claim. Notwithstanding the foregoing, it is unnecessary to determine whether Guardian's representatives' statements were subject to privilege in the communications alleged, as Abdallah's pleading does not claim that the alleged defamatory statements were ever published to a third party.[13]

¶ 19    Defamation and defamation *per se* are legal conclusions that, absent facts, are not entitled to the presumption of truth. Abdallah's Counterclaim fails to allege the necessary element of publication with regard to his defamation claims. As such, Abdallah has failed to set forth a short and plain statement of the claims showing that he is entitled to relief required by V.I. R. Civ. P. 8(a)(2), and Guardian is entitled to the dismissal of that claim for Abdallah's failure to state a claim upon which relief can be granted.

¶ 20    On the basis of the foregoing, all the claims set out in Abdallah's Counterclaim fail to state a claim upon which relief can be granted, and are therefore insufficient to survive Guardian's Motion to Dismiss Defendant's Counterclaim pursuant to V.I. R. Civ. P. 12(b)(6). The Court reconsiders its December 18, 2020, Order, and Abdallah's Counterclaim will be dismissed in its entirety.

---

[12] RESTATEMENT (SECOND) OF TORTS § 594.

[13] Similarly, because the Counterclaim includes no allegations of publication, other potential claims of privilege relating to the attorney-client relationship or to matters in litigation, or threatened litigation, are not addressed.

*Guardian Insurance Company v. Ramzy Abdallah*; SX-19-CV-110
Memorandum Opinion and Order Granting Plaintiff's Motion for Partial Reconsideration
Page 7 of 7

2021 VI Super 20

Accordingly, it is hereby

ORDERED that Guardian's Motion for Partial Reconsideration of the Court's December 18, 2020 Order Denying in Part Plaintiff's Motion to Dismiss Defendant's Counterclaim is GRANTED. It is further

ORDERED that Abdallah's Counterclaim is DISMISSED with prejudice as to all claims. It is further

ORDERED that this matter will come on for hearing on Plaintiff's Complaint seeking Declaratory Judgment and Specific Performance, pursuant to V.I. R. Civ. P. 57, via Zoom, on **Monday, March 29, 2021 at 9:00 a.m.**

The parties will strictly adhere to the following remote hearing protocols:

- Not less than 7 days prior to the hearing, each party shall file and serve upon the other party its list of witnesses; and shall file and serve copies of all exhibits to be introduced, which shall be pre-marked.

- All witnesses who will testify must appear on camera, and any other person in the room where the witness testifies shall also be visible on camera. Witnesses who are not on camera will not be permitted to testify.

- All participants, including attorneys, parties, party representatives and witnesses must have use of a good wi-fi connection, with clear audio and video transmission.

- Witnesses will be called and will be permitted in the virtual courtroom only while they are testifying. Witnesses shall not hold notes or have paperwork or any documentation in front of them while testifying.

- Any party objecting to any witness or exhibit, or to any of these protocols may file an appropriate motion no later than March 25, 2021. It is further

ORDERED that a copy of this Order be served on the appropriate parties.

DATED: February /9 , 2021.

DOUGLAS A. BRADY, JUDGE

ATTEST:

TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk Supervisor
2/19/2021